**UNITED STATES of America, Appellee,**

v.

**Leo Walter RICH, Defendant–Appellant.**

**No. 319, Docket 89–1301.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1989.

Decided April 10, 1990.

John–Claude Charbonneau, Asst. U.S. Atty. (George J. Terwilliger, III, U.S. Atty. D.Vt., Charles A. Caruso, Asst. U.S. Atty., Rutland, Vt., of counsel), for appellee.

Geoffrey W. Crawford, (O'Neill & Crawford, Burlington, Vt., of counsel), for defendant-appellant.

Before VAN GRAAFEILAND, PIERCE, and PRATT, Circuit Judges.

PIERCE, Senior Circuit Judge:

Leo Walter Rich appeals a sentence imposed by the United States District Court for the District of Vermont, Franklin S. Billings, Chief Judge, following Rich's plea of guilty to one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Since the record is unclear as to whether the district court would have imposed the same sentence if an overlapping Guidelines

**583**

range had applied, we remand for clarification.

**I**

On December 1, 1987, Rich was found in possession of a .22 caliber revolver and ammunition. A two count indictment charged Rich with being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On December 8, 1988, Rich pled guilty to the firearm possession charge, and the ammunition possession charge later was dismissed.

Since Rich's offense was committed after November 1, 1987, he was sentenced pursuant to the Sentencing Guidelines. *See* Sentencing Reform Act of 1984, 18 U.S.C.A. § 3551 (West 1985 & Supp.1989). A presentence report prepared for the district court determined that Rich belonged in criminal history category V, based on a calculation of 10 criminal history points for prior offenses. Rich previously had been convicted of leaving the scene of an accident in Vermont State Court, and he had been placed on probation. Consequently, the presentence report added one point, pursuant to Guidelines § 4A1.2(c)(1), for this prior Vermont conviction and two points, pursuant to Guidelines § 4A1.1(d), because Rich had committed the present federal crime while on probation for the Vermont offense. Seven additional points were added for unrelated prior offenses.

Rich objected to the inclusion of the Vermont offense in computing his criminal history score, claiming that the offense did not meet the criteria set forth in Guidelines § 4A1.2(c)(1). Section 4A1.2(c)(1) lists thirteen misdemeanor and petty offenses, including leaving the scene of an accident, that are not to be counted in the criminal history score unless "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." Rich's principal contention was that he had not received a sentence of at least one year's probation for the leaving the scene offense.

*The Vermont Conviction*

An evidentiary hearing was held concerning Rich's objection to the criminal history score. At the hearing, a state probation officer testified that the leaving the scene offense occurred in December 1986 when Rich's car damaged one or more recreational vehicles at a dealership site. On August 3, 1987, Rich received a suspended sentence of nine to twelve months imprisonment for the offense and was placed on probation "until further order of the Court."

The probation officer further testified that the exact length of Rich's probation was subject entirely to post-sentencing factors, including Rich's compliance with the terms of probation. Among other conditions, the order placing Rich on probation required him to pay restitution "as directed by [the] probation officer" and to pay a $150 fine. The probation officer indicated that, in the normal course, Rich would have been discharged within a matter of months upon completing the payment of these amounts.

As it developed, Rich's probation period actually exceeded one year, in part because of a lingering dispute over the amount of restitution owed the vehicle dealer. Due to Rich's failure to pay any restitution, and his alleged violation of several general conditions of probation, the probation officer filed a petition for revocation of probation. On August 26, 1988, over one year after his state court sentence, Rich was discharged (unsatisfactorily) from probation for failing to comply with the conditions of probation. The matter of restitution eventually was dropped when the vehicle dealer failed to appear for a restitution hearing.

*The District Court's Sentence*

In a written opinion issued after the evidentiary hearing, the district judge addressed the question of whether Rich had been sentenced to a term of probation of at least one year as required by Guidelines § 4A1.2(c)(1). He noted that in Vermont State Court most terms of probation are for an indefinite term, and he found that the extended length of Rich's probation resulted from his failure to pay restitution and his violation of several general conditions of probation. Since Rich in fact served over one year on probation, the judge concluded that the leaving the scene conviction, and Rich's probation status while committing the federal firearm offense, could be considered in calculating his criminal history points. As noted, the inclusion of the leaving the scene offense added 3 points to the total criminal history score, placing Rich in category V.

The district judge also determined that the total offense level was 8. The Guidelines sentencing range for category V and offense level 8 is 15–21 months. Applying this range, the district court imposed a sentence of 16 months imprisonment with a subsequent three year period of supervised release.

If the leaving the scene offense had been excluded, Rich's criminal history score would have been 7, placing him in category IV. Under this category, the Guidelines sentencing range relating to offense level 8 is 10–16 months. Although the sentence of 16 months does fall within this lower, overlapping range, the district court expressed no opinion as to whether it would impose the same sentence if the lower range applied.

Rich, who currently is incarcerated, argues that the district court erred in considering the leaving the scene offense in calculating his criminal history score and that the district court should resentence him under the lower Guidelines range.

## II

Section 4A1.2(c)(1) of the Sentencing Guidelines provides that a prior conviction for leaving the scene of an accident may be considered when calculating a criminal history score if "the sentence was a term of probation of at least one year...." The Guidelines do not explicitly address whether a conviction resulting in an indefinite term of probation, but for which at least a one year period of supervision actually occurs, is excludable under § 4A1.2(c)(1). That the Guidelines do not address this situation is not surprising since Vermont's general practice of imposing indeterminate

probationary terms is relatively unique, at least within this circuit. *See, e.g.,* N.Y.Penal Law § 65.00(3) (McKinney 1987) (fixing definite terms of probation). *But see* Conn.Gen.Stat.Ann. § 53a–29(d)(5) (West 1985) (authorizing indeterminate period of probation for cases involving nonsupport of dependents).

Under Vermont law, a court may suspend all or part of a sentence and place the defendant on probation "for such time as it may prescribe in accordance with law or until further order of the court." Vt.Stat. Ann. tit. 28, § 205 (1986). The court may end the probation "if such termination is warranted by the conduct of the offender and the ends of justice." *Id.,* § 251. Upon such discharge, "the probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the crime." *Id.,* § 255.

Rich suggests several reasons why Guidelines § 4A1.2(c)(1) should be interpreted to exclude from the criminal history calculation a non-felony offense for which an indefinite term of probation is imposed. He first contends that the literal requirement of § 4A1.2(c)(1) as to the duration of probation is not met when a sentence is for an indefinite term of probation. He emphasizes that a "sentence" is the term of imprisonment or probation imposed by a court and not the length of time actually served. Since the Vermont State Court did not actually impose a sentence of at least one year's probation, Rich argues, the leaving the scene offense should have been excluded in calculating his criminal history score.

Rich also points to the rationale underlying § 4A1.2(c)(1) in support of his position. The criminal history factors are designed to take into account the relative severity of a prior offense. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. 174, *reprinted in,* 1984 U.S.Code Cong. & Admin.News 3182, 3357; *United States v. McCrudden,* 894 F.2d 338, 339 (9th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 1534, 108 L.Ed.2d 773 (1990). Under § 4A1.2(c)(1), an otherwise minor offense is sufficiently serious to warrant inclusion in a person's criminal history score only if the sentencing court imposed a relatively significant term of imprisonment (30 days) or probation (one year). Thus, a court's considered judgment about the seriousness of an offense, as reflected in its sentence at the time the sentence is imposed, determines whether an otherwise minor prior offense will be counted in determining the criminal history score.

Rich argues that indefinite probationary terms are unique because they do not reflect any judgment by a sentencing court at the time of sentence as to the relative seriousness of an offense. He also maintains that the actual time served on probation is not a reliable indicator of the seriousness of an underlying offense. Rather, the duration of an indefinite sentence of probation, Rich argues, generally is related to a defendant's behavior during probation and does not reflect the severity of the offense. He contends that in some instances the exact duration of probation may simply be related to when a court schedules the probation hearings, which also has little, if any, relevance to the seriousness of the underlying offense.

The commentary to the Guidelines lends some support to Rich's interpretation of § 4A1.2(c)(1). Application note 2 to § 4A1.2 addresses the analogous issue of whether criminal history points for a prior sentence of imprisonment should be based on time sentenced or time served. The commentary states that "criminal history points are based on the sentence pronounced, not the length of time actually served." Rich essentially urges that a similar rule should apply when the prior offense in question involves a term of probation.

Although we find some merit in Rich's interpretation of § 4A1.2(c)(1), a related Guidelines provision provides partial support for the government's position that time actually served on probation should be the measure used for § 4A1.2(c)(1). Section 4A1.2(k) provides that when a defendant's probation is revoked, the sentence imposed upon revocation should be added to any original sentence of imprisonment for the purpose of computing criminal his-

tory points. As application note 11 to § 4A1.2 discusses, a primary purpose of subsection k is to prevent more than three criminal history points from being assessed for a single conviction when a revocation of probation or conditional release has resulted in a second sentence of imprisonment. The government contends that § 4A1.2(k) also reflects the intent of the drafters to take into account a defendant's behavior while on probation in calculating his criminal history score. Here, the argument is that to the extent § 4A1.2(k) allows a second sentence of imprisonment for the same conviction to potentially increase a criminal history score, a defendant may be penalized for his misconduct while on probation. The government would have a similar penalty apply when a defendant's alleged misbehavior on probation extends a term of probation beyond one year.

Since resolving the issue of the correct interpretation of § 4A1.2(c)(1) may not affect Rich's sentence, at present we decline to settle this Guidelines dispute. As earlier noted, the district court could have imposed the same 16 month sentence even if the lower Guidelines range of 10–16 months applied. We previously have held that when a sentence falls within two overlapping Guidelines ranges, and the same sentence would have been imposed under either range, a Guidelines dispute need not be resolved since the defendant cannot demonstrate prejudice. *United States v. Bermingham*, 855 F.2d 925, 934–35 (2d Cir. 1988); *see United States v. Turner*, 881 F.2d 684, 688–89 (9th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

It is unclear from the present record whether the district judge would have imposed the same sentence under the lower Guidelines range. In such a circumstance, this Court may either resolve the Guidelines dispute or remand for clarification of the district judge's intention as to the appropriateness of the sentence under the lower range. *Bermingham*, 855 F.2d at 935. Absent some showing that Rich was harmed by the district court's choice of the higher Guidelines range, we deem it inadvisable to settle this Guidelines dispute,

which would require us to interpret the Guidelines on a question the Sentencing Commission apparently has not yet considered. Prejudice would be apparent, for example, if the district court had indicated that "the appropriate sentence is whatever number of months are at or near the bottom of the applicable guideline range." *Id.; see, e.g., United States v. Williams*, 891 F.2d 921, 923 (D.C.Cir.1989). The record herein, however, does not reveal whether the sentence of 16 months was chosen because it was near the bottom of the 15–21 month range or whether the court would have found the same sentence appropriate even if the lower range of 10–16 months applied.

In deciding not to reach the merits of this appeal, we are mindful that this case differs from *United States v. Bermingham* in at least one significant respect. In *Bermingham*, the court opted not to address the merits of the Guidelines dispute since an amendment to the Guidelines provision had eliminated the possible recurrence of the dispute at issue. 855 F.2d at 936. Here, by contrast, there has been no amendment to § 4A1.2(c)(1) that might obviate the need for a future interpretation of this provision. Nonetheless, since resolution of the instant controversy may not affect Rich's sentence, we decline to render a potentially advisory opinion broadening or narrowing the scope of § 4A1.2(c)(1).

## III

For the foregoing reasons, the case is remanded to the district judge to clarify as expeditiously as feasible whether he would impose the same sentence if the lower Guidelines range of 10–16 months applied. In the event that Judge Billings indicates that he would not impose a 16 month sentence if criminal history category IV applied, Rich, if he wishes to do so, may renew his appeal by filing a new notice of appeal within ten days of the judge's ruling on remand and need not file additional briefs. This panel retains jurisdiction in the event of such appeal.