**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alicio M. SANCHEZ (91–1744/1745),**
**Reinaldo Cubilla (91–1746/1747),**
**Defendants–Appellants.**

**Nos. 91–1744 to 91–1747.**

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 20, 1992.

Decided April 6, 1992.

James A. Brunson, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Bay City, Mich., for U.S.

Richard O. Milster (briefed), Patterson, Gruber, Kennedy, Gill & Milster, Bay City, Mich., for defendants-appellants.

Before: MARTIN, MILBURN and NELSON, Circuit Judges.

**PER CURIAM.**

These cases, which arise out of convictions on charges relating to cocaine distribution, have been here before. In earlier appeals we affirmed the defendants' convictions but remanded the cases to the district court for resentencing. The defendants then raised ineffective assistance of counsel claims which were rejected by the district court. The court went on to impose sentences of imprisonment for terms of the same length as those imposed earlier. Whereas the original sentences fell at the bottom of the sentencing guideline range as calculated initially, however, the new sentences were at the top of the range as recalculated.

The defendants have appealed both the convictions and the sentences. For the reasons stated below, both will be affirmed.

I

The defendants, Reinaldo Cubilla and Alicio Sanchez, were convicted of conspiracy to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846. The details are set forth in *United States v. Sanchez*, 928 F.2d 1450 (6th Cir.1991). Mr. Cubilla's guideline range was initially determined to be imprisonment for 188 to 235 months, and the district court sentenced him to the minimum of 188 months. Mr. Sanchez's guideline range was initially determined to be 210 to 262 months, and the district court sentenced him to the minimum of 210 months. We affirmed the convictions on appeal, but remanded both cases for resentencing because of a two-point enhancement that we determined to be erroneous under U.S.S.G. § 3C1.1. *Id.*

Before the resentencing could take place, the defendants moved to have their sentences and convictions vacated pursuant to 28 U.S.C. § 2255 on the ground that both defendants had been deprived of their Sixth Amendment right to effective assistance of counsel. The district court denied the motion.

On resentencing, Mr. Cubilla's guideline range was determined to be 155–188 months, and Mr. Sanchez's range was determined to be 168–210 months. The district court imposed sentences of the same length as those imposed before—188 months for Mr. Cubilla and 210 months for Mr. Sanchez. The court also added a year to Mr. Sanchez's term of supervised release. These appeals followed.

## II

■ The defendants, who were represented by separate counsel at trial, pursue their ineffective assistance of counsel claims on appeal by reciting largely overlapping lists of alleged errors and omissions by their respective trial attorneys. Passing over the question of why these claims were not presented earlier, we conclude that they are without merit.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that the ultimate question in cases such as this is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064. The defendants bear the burden of showing both that counsel's performance was deficient as measured by an objective standard of reasonableness and that there is a reasonable probability that the trial would have come out differently but for counsel's deficient performance. *Id.* at 688, 694, 104 S.Ct. at 2064–65, 2068.

The defendants have made no such showing here. As to the allegedly defective performance of counsel, most of the "errors" either represented permissible trial strategy or involve claims which we rejected during the original appeal. None of the supposed errors was so egregious as to violate the *Strickland* standard.

Even if the defendants could show that the performance of their attorneys failed to pass muster under *Strickland*, they have not demonstrated a reasonable probability that better lawyering would have led to a different result at trial. As we noted before, "the evidence indicates that both Sanchez and Cubilla were fully apprised of and actively participated in all facets of the drug conspiracy." *Sanchez*, 928 F.2d at 1461.

## III

■ With respect to the new sentences, the defendants point out that at the initial sentencing the district court said that there was "absolutely nothing to indicate to this court that the minimum of the applicable guideline range is inappropriate for sentencing purposes." Two Second Circuit decisions are cited for the proposition that the defendants suffered undue prejudice when, notwithstanding the statement quoted above, the district court declined to impose sentences at the low end of the guideline range as recalculated. *United States v. Rich*, 900 F.2d 582, 585 (2d Cir.1990); *United States v. Bermingham*, 855 F.2d 925 (2d Cir.1988).

*Rich* and *Bermingham* are inapposite here. In those cases the Second Circuit was called upon to decide whether a controversy over the calculation of the guideline range must be adjudicated if the defendant has received a sentence that would be within the guideline range however calculated. The court concluded that the controversy would have to be adjudicated, under these circumstances, if the defendant could show prejudice. Prejudice would be demonstrated if the court had used the higher of the proffered ranges and the defendant could show that he would have received a lower sentence if the lower range had been used. In the case at bar, by contrast, the calculation of the guideline range has already been adjudicated; the same judge sentenced the defendants under the range as properly calculated, and he was obviously satisfied that the sentences imposed earlier were appropriate regardless of where they fell within the recomputed range. The defendants' sentences are not otherwise appealable under 18 U.S.C. 3742(a); they were not imposed in violation of the law or as a result of an incorrect application of the guidelines, and they were within the guideline range.

AFFIRMED.