7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas WALKER, Defendant-Appellant.
 No. 92-5679.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1993.
 
 Before: RYAN, Circuit Judge; KRUPANSKY, Senior Circuit Judge; and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Thomas Walker appeals from the judgment of conviction and sentence that was imposed following his guilty plea to a superseding indictment for being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Walker was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to a term of 180 months imprisonment. On appeal, he seeks to have both the conviction and sentence set aside. The issues before us are: 1) whether the district court erred when it failed to dismiss the defendant's case under the provisions of the Speedy Trial Act, 18 U.S.C. 3161 et seq.; and 2) whether the district court erred when it failed to dismiss Walker's conviction on the grounds that he was denied effective assistance of counsel at the plea proceeding and at sentencing.
 
 
 2
 Finding no error below, we shall affirm.
 
 I.
 
 3
 Walker was arrested on March 2, 1990, after officers of the Knoxville Police Department executed a search warrant at the M & E Sandwich Shop in Knoxville, Tennessee. Police obtained the search warrant because they suspected that the shop was being used as an illegal gambling enterprise and for trafficking in narcotics. During the search, Walker attempted to flee. He was subdued and arrested after an altercation with police officers. The officers searched him incident to the arrest and discovered over $2000 in cash, a 32-caliber Colt revolver, and several bags containing what later proved to be cocaine.
 
 
 4
 A federal grand jury returned a two-count indictment against Walker for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Walker's initial appearance in federal court was on August 14, 1991. During this appearance, counsel was appointed and Walker's arraignment was set for August 22. Walker pled not guilty at his arraignment, and trial was set for September 30. On September 9, the deadline date for filing pretrial motions, Walker filed numerous pretrial motions. At the pretrial conference on September 18, he moved for a continuance, which was granted, and the court reset trial to November 18. All pretrial motions were subsequently heard at the pretrial conference, which had been rescheduled for September 30. Walker filed additional pretrial motions in October. On October 23, the United States magistrate judge entered a report and recommendation after deciding that all of the pretrial motions were without merit.
 
 
 5
 On October 30, Walker's counsel asked the court for permission to withdraw. This request was granted on November 7. The court appointed new counsel that same day, and, at defendant's request, the trial was continued until December 20, 1991. On November 8, Walker filed pro se objections to the magistrate judge's report and recommendation, which recommended that Walker's pretrial motions be denied. The district court took Walker's objections under advisement until November 25 when it ruled that the pro se objections to the report and recommendation were moot because Walker was represented by counsel at the time he filed the objections.
 
 
 6
 On December 20, defendant pled guilty to a superseding information charging him with violating 18 U.S.C. § 922(g)(1), being a convicted felon in possession of a firearm. The presentence report recommended that the court sentence Walker as an armed career criminal pursuant to 18 U.S.C. § 924(e) because of his four previous third-degree burglary convictions. Defendant objected to the presentence report, arguing that third-degree burglary should not be counted as a violent felony for purposes of section 924(e)'s enhancement. The court disagreed and sentenced Walker as an armed career criminal to a term of 180 months imprisonment. Walker filed a pro se motion to dismiss the conviction and alleged that his speedy trial rights had been violated. Judgment was subsequently entered, and defendant filed this timely appeal.
 
 II.
 
 7
 The Speedy Trial Act states that a criminal trial must commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer, ... whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Supreme Court has held that, under 18 U.S.C. § 3161(h)(1)(F),[1] all time between the filing of a pretrial motion and the conclusion of a hearing on that motion is excludable. Henderson v. United States, 476 U.S. 321, 326 (1986). Also excluded is the "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is under advisement by the court." 18 U.S.C. § 3161(h)(1)(J).
 
 
 8
 After careful consideration of the arguments made by Walker for nonexcludable time, we believe that the only time period that is debatable is the period of seventeen days between November 8 and November 25, 1991. On November 7, Walker's counsel appeared in court, was permitted to withdraw, and new counsel was substituted. The next day, November 8, Walker filed pro se objections to the report and recommendation of the magistrate judge. On November 25, the district court ruled that the pro se objections were moot because Walker had counsel at the time he filed the objections. Defendant claims that because his pro se objections filed on November 8 were "moot from the outset," all of the period from November 8 to November 25, when his pro se motions were under advisement, are not excludable under the Speedy Trial Act. Walker cites no authority, and we are aware of none, for the proposition that because the motions were "moot from the outset," the court could not count the seventeen-day period during which the court held the objections under advisement as excludable. We know of no authority to treat pro se motions differently than any other motion. Consequently, we hold that defendant's assignment of error under the Speedy Trial Act is without merit.
 
 
 9
 Walker also claims that his conviction and sentence should be set aside because his counsel was ineffective at the plea and sentencing proceedings. According to Walker, the plea agreement did not benefit him and his attorney failed to challenge the validity of the prior convictions used to enhance his sentence. We have reviewed the colloquy between the court and counsel during the plea hearing and we conclude that the record demonstrates that the plea was voluntary, knowing, and understanding, and that Walker was satisfied with the representation given him by counsel. Furthermore, we conclude that Walker has not established that his sentencing counsel's " 'conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " See United States v. Sanchez, 960 F.2d 610, 612 (6th Cir.1992) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)).
 
 III.
 
 10
 For these reasons, we AFFIRM the judgment and sentence entered by the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Section 3161(h)(1) provides, in part:
 (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
 (1) Any period of delay resulting from other proceedings concerning the defendant, including ...
 (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion....
 18 U.S.C. § 3161(h)(1)(F).