UNITED STATES of America, Appellee,

v.

RIOS, et al., Defendants.

Appeal of Luis Guillermo RIOS, a/k/a "Memo", Defendant.

No. 654, Docket 89–1303.

United States Court of Appeals, Second Circuit.

Argued Dec. 21, 1989.

Decided Jan. 5, 1990.

David J. Taffany, Troy, N.Y. (E. Stewart Jones, Troy, N.Y., of counsel), for defendant-appellant Luis Guillermo Rios.

Barbara D. Cottrell, Asst. U.S. Atty., N.D. New York, Albany, N.Y. (Frederick J. Scullin, Jr., U.S. Atty., N.D. New York, Albany, N.Y., of counsel), for appellee U.S.

Before TIMBERS, CARDAMONE and PRATT, Circuit Judges.

PER CURIAM.

Appellant, Luis Guillermo Rios a/k/a Memo, appeals his sentence following a guilty plea in the United States District Court for the Northern District of New York (Gagliardi, J.) to one count of conspiracy to distribute in excess of five kilograms of cocaine and one count of distribution in excess of one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982) and 21 U.S.C.A. § 846 (West Supp.1989). This appeal is brought pursuant to 18 U.S.C. § 3742(a) (Supp. V 1987) challenging the application of the United States Sentencing Commission Guidelines Manual (Nov.1989) (Sentencing Guidelines or Guidelines Manual) in his case.

### FACTS

On November 18, 1988 Rios was indicted as a result of an undercover operation at the Nevele Hotel in Ellenville, New York. Just prior to jury selection, on March 27, 1989, Rios along with another defendant pled guilty. Rios then met with probation officials and denied participation in the cocaine conspiracy, alleging that he entered the guilty plea solely on advice of counsel. At the trial of the other defendants the jury rendered an advisory opinion that the conspiracy charged against appellant's co-defendants involved less than five kilograms but more than five hundred grams of cocaine.

At sentencing on May 26, 1989 defense counsel explained that Rios was mistaken when he denied his guilt to probation officials and did so under the mistaken belief that by denying his own guilt he was protecting his brothers. The district court sentenced Rios upon a base level of 32 for distribution of in excess of five kilograms of cocaine, the amount of cocaine to which appellant pled guilty. Because the court found Rios to be the "organizer head of the criminal activity that involved more than 12 participants," it added four points to the base level under the Sentencing Guidelines, and refused to adjust downwardly the guideline level by two for appellant's acceptance of responsibility under § 3E1.1 of the Guidelines Manual "[i]n view of the defendant's original denials and belated plea of guilty." Thus, Rios was subject to an offense level of 36 with a guideline range of between 188 and 235 months incarceration, fines of up to four million dollars, supervised release of between three and five years, and a special assessment of $50 on each count. The sentencing court sentenced appellant to a term of 188 months incarceration on both counts to run concurrently, in addition to the other conditions noted above because Rios pled guilty and saved judicial resources. This appeal followed.

### DISCUSSION

Appellant argues that we should reverse his sentence for the following reasons: (1) the sentencing court's failure to grant a two point reduction for his acceptance of responsibility; (2) the use of a base guideline level reflecting a distribution in excess of five kilograms of cocaine; (3) the addition of four points because the appellant was found a leader of the conspiracy; and (4) the sentence of appellant to a higher guideline level than a co-defendant sentenced on the same indictment. Because we find all of these arguments meritless, we affirm.

The district court's finding that Rios was not entitled to a reduction of sentence for acceptance of responsibility under § 3E1.1(a) of the Guidelines was fully within its discretion. As a preliminary matter we note that § 3E1.1(c) indicates that Rios's guilty plea does not entitle him "to a sentencing reduction under [§ 3E1.1] as a matter of right." Finally, the district court based its denial upon appellant's delay in taking a plea until just before jury selection and his denial of guilt to probation officials. The Sentencing Commission acknowledges that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility [and that] the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Guidelines Manual § 3E1.1 n. 5. Here, the Guidelines specifically authorize the sentencing judge to consider "voluntary and truthful admission to authorities" and "the timeliness of the defendant's ... acceptance of responsibility," Guidelines Manual § 3E1.1, nn. 1(c) & (g), the factors relied upon by Judge Gagliardi. Because both of these factors are fully supported by the evidence, the denial of appellant's request for a two point reduction for acceptance of responsibility will not be disturbed. *Cf. United States v. Moskowitz*, 883 F.2d 1142, 1154–55 (2d Cir. 1989).

Appellant next argues that the district court in sentencing him used a base offense level for a conspiracy involving in excess of five kilograms of cocaine when the jury rendered an advisory opinion in the trial of his co-defendants that the conspiracy involved less than five kilograms. Through this argument Rios attacks the sufficiency of the evidence used by the district court when it imposed his sentence. The advisory opinion of the jury is wholly irrelevant in Rios' case. In pleading guilty, he admitted all of the elements comprising the two counts, including conspiracy to distribute *in excess of five kilograms*, and thereby waived his right to make any other non-jurisdictional challenge. *See Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987). Because Rios has made no allegation that his plea was not knowing or voluntary, *see United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir.1989), his guilty plea established that the sentencing level should be based upon in excess of five kilograms of cocaine.

Appellant further claims that the court's addition of four points under Guidelines Manual § 3B1.1(a) on its determination that Rios was the organizer of a conspiracy involving more than 12 participants was in error. Defendant's role in the underlying conspiracy is a factual finding subject to the clearly erroneous standard of review. 18 U.S.C. 3742(e) (Supp. V 1987); *United States v. Carrillo*, 888 F.2d 117, 118 (11th Cir.1989). A district court has broad discretion to consider any information relevant to sentencing, including information adduced at a trial at which the defendant was not present. *United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987). The Guidelines Commission suggests that the trial court should consider in determining defendant's roles, among other factors, "the exercise of decision making authority, ... the degree of participation in planning or organizing the offense, ... and the degree of control and authority exercised over others." *See* Guidelines Manual § 3B1.1, n. 3. Here, the testimony of Rios's co-defendants revealed that he occupied a leading role in the conspiracy to distribute cocaine. Considering this evidence, the finding that Rios was "an organizer or leader of criminal activity" under § 3B1.1(a) was not clearly erroneous.

As a final matter, appellant points to the lower guideline range accorded his co-defendant who was sentenced pursuant to a plea bargain on the same indictment. The guideline level granted a co-defendant in entirely different circumstances is irrelevant in determining appellant's guideline level.

## CONCLUSION

The judgment appealed from is affirmed.