**UNITED STATES of America, Appellee,**

v.

**Jorge RAMIREZ, Defendant–Appellant.**

**No. 1736, Docket 90–1329.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 13, 1990.

Decided Aug. 17, 1990.

Gail Jacobs, Great Neck, N.Y., for defendant-appellant.

Susan Corkery, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Matthew E. Fishbein, Stanley J. Okula, Jr., Asst. U.S. Attys., Brooklyn, N.Y., of counsel), for appellee.

Before MINER and ALTIMARI, Circuit Judges, and KELLEHER, Senior District Judge.*

PER CURIAM:

Defendant-appellant Jorge Ramirez appeals from a judgment of conviction and sentence entered on April 26, 1990, in the United States District Court for the Eastern District of New York (Raggi, *J.*), imposing a term of imprisonment of twenty-four months, supervised release for a term of twelve months, and ordering him to pay a special assessment of $50 following his conviction for use of a communication facility in furtherance of a drug offense. Ramirez contends that the district court erred in denying him a two-level reduction for acceptance of responsibility based in part on his refusal to accept responsibility for another offense, and that the court erroneously imposed an upward departure from the Sentencing Guidelines range. For the reasons that follow, we affirm.

## BACKGROUND

On a report from a confidential informant, Drug Enforcement Administration (DEA) agent Thomas Geisel conducted a surveillance of Fernando Vargas' house to watch for a cocaine operation involving Vargas and a man identified as "Jorge." While observing the house, Geisel saw Jorge Ramirez and Vargas unload large white plastic bags from a Toyota and load the bags into a Dodge. Ramirez drove in the Dodge to a house on Bell Boulevard in Queens, New York, brought two of the plastic bags into the house, and left about twenty minutes later. On the drive to and from the Bell Boulevard house, Ramirez drove in an evasive manner, often stopping on the side of the road to allow traffic to pass. When Ramirez eventually parked his car and began to walk away, DEA agents stopped him. In response to questioning by the agents, Ramirez said that he lived on Elmhurst Avenue in Queens but that he did not remember his street address. During this questioning, Ramirez' beeper went off several times, and he was arrested.

DEA agents returned to the Bell Boulevard house and confirmed that Ramirez lived in one of the bedrooms. Upon obtaining consent from Ramirez' former wife, who also lived there, the agents conducted a search of the house and found in one of the bedrooms a loaded .38–caliber handgun, money counting machines, two ledgers of drug transactions, and $100,000 in cash in a bag resembling one of the bags Ramirez had brought into the house earlier.

On March 21, 1989, Ramirez pleaded guilty to knowingly using a communications facility in furtherance of a drug transaction, in violation of 21 U.S.C. § 843(b) (1988). A pre-sentence investigation report indicated an offense level of twelve. United States Sentencing Commission, *Guidelines Manual* § 2D1.6 (Oct. 1988) (hereafter "Sentencing Guidelines"). The report recommended a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1, reducing the offense level to ten. A criminal history category of I was indicated, resulting in a sentencing range of six to twelve months. The report, however, also indicated that an upward departure of two levels was warranted because of the loaded handgun and because Ramirez had entered this country illegally. At sentencing, the court indicated its disdain for Ramirez' native country of Colombia, and then sentenced Ramirez to a term of imprisonment of twenty-four months

---

* Of the United States District Court for the Central District of California, sitting by designation.

and supervised release for a term of twelve months. The court sentenced co-defendant Vargas to a term of imprisonment of sixteen months. Ramirez appealed his sentence, and we vacated the sentence and remanded this matter for resentencing due to the impropriety of the court's statements concerning Colombia. *United States v. Ramirez*, 896 F.2d 543 (2d Cir. 1990) (mem.).

Upon remand, the case was assigned to Judge Raggi, who arrived at the same base offense level of twelve as in the previous sentencing proceeding. The court denied a two-level reduction for acceptance of responsibility because Ramirez' claim that he was involved in a deal worth only $120 when he was arrested was "incredible ... to the common sense of the court," and because of Ramirez' lack of candor in his involvement in other drug deals. The court also imposed an upward departure by two levels because of Ramirez' involvement in related drug activity, and by two additional levels for possession by an illegal alien of a firearm transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(5).

## DISCUSSION

Ramirez contends that the district court improperly denied him credit for acceptance of responsibility because he refused to accept responsibility for conduct other than the conduct involved in the count of conviction. *See United States v. Oliveras*, 905 F.2d 623 (2d Cir.1990) (per curiam). The court denied Ramirez a reduction for acceptance of responsibility, in part, because he did not confess to participation in a larger drug conspiracy.

According to our opinion in *Oliveras*, "[t]o require, as a condition of earning the § [3E1.1] credit that a defendant accept responsibility for behavior which he has continued to deny and has not been proved against him beyond a reasonable doubt raises distinct Fifth Amendment issues." *Id.* at 631; *see also United States v. Perez–Franco*, 873 F.2d 455, 461–64 (1st Cir.1989). If the court's decision were based solely on this ground, the district court could not deny the reduction. How-

ever, the district court denied the reduction also because it found that Ramirez did not accept responsibility for the full scope of his charged offense when he admitted only to a $120 drug deal. The court further determined that Ramirez lied to the DEA agents. The false statements, coupled with Ramirez' evasive actions, supported the court's decision to deny the reduction. These findings are entitled to great deference, *see* Sentencing Guidelines § 3E1.1 application note 5, and are supported by evidence of the over $100,000 found in Ramirez' house and by Agent Geisel's testimony. "If there [is] another clearly permissible basis for the court's denial of the reduction, we [can] affirm on that other basis notwithstanding the court's reliance on one flawed basis." *United States v. Santiago*, 906 F.2d 867, 873 (2d Cir.1990). Here, the district court articulated permissible reasons for denying the reduction.

Ramirez also contends that the reasons relied upon by the court for the upward departures were not supported by sufficient evidence, and thus the departures were improper. He states that there was no evidence indicating the place of manufacture of the handgun found in his home, and therefore the court could not find that the weapon was transported in interstate commerce. The district court properly took judicial notice of the fact that New York has no firearms manufacturers and could conclude that the handgun came from interstate commerce. *See* Fed.R. Evid. 201. Ramirez next contends that there was no evidence that he used the handgun in connection with the offense of conviction. He admitted possessing the handgun, and the firearm was located with the money seized from the drug transactions.

Ramirez also asserts that there was insufficient evidence of a drug conspiracy. However, the standard of proof for relevant conduct in sentencing is a preponderance of the evidence. *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990). Here, the district

**1072**

court considered the $100,000 in cash and money counting machines present in Ramirez' house along with the joint activities of Vargas and Ramirez. It therefore had sufficient evidence to conclude that there was a drug conspiracy and that the conspiracy constituted relevant conduct for purposes of sentencing. Ramirez' final argument, that there is disparity between his sentence and that of his co-defendant Vargas, is unavailing. *See, e.g., United States v. Rios*, 893 F.2d 479, 481 (2d Cir.1990) (per curiam).

## CONCLUSION

For the foregoing reasons, we affirm.