UNITED STATES of America, Appellee,

v.

Anthony IBANEZ, Nelson Vargas, Felix
Mejia–Castillo, Jose Matista, and
Angela Matista, Defendants,

Felix Mejia–Castillo,
Defendant–Appellant.

No. 260, Docket 90–1246.

United States Court of Appeals,
Second Circuit.

Argued Nov. 7, 1990.

Decided Jan. 15, 1991.

Gerald J. McMahon, New York City, for
defendant-appellant.

Patrick J. Fitzgerald, Asst. U.S. Atty.,
New York City (Otto G. Obermaier, U.S.
Atty., S.D.N.Y., Helen Gredd, Asst. U.S.
Atty., New York City, of counsel), for ap-
pellee.

Before LUMBARD, KEARSE and
McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Defendant-appellant Felix Mejia–Castillo
appeals, following a jury trial, from a crimi-
nal sentence imposed in the United States
District Court for the Southern District of
New York (David N. Edelstein, *Judge*).
Mejia–Castillo makes two arguments: (1)
that the district court wrongly denied him a
two-point reduction for his acceptance of
responsibility under the federal Sentencing
Guidelines; and (2) that the district court
miscalculated his Criminal History Catego-
ry under the Guidelines. The district court
rejected both objections. Because we
agree with the district court, we affirm the
sentence.

## BACKGROUND

Defendant-appellant Felix Mejia–Castillo
was arrested in May 1988, together with
three others, and charged with conspiracy
to possess heroin with intent to distribute,
and possession of heroin with intent to
distribute. 21 U.S.C. §§ 846, 812, 841(a)(1)
and 841(b)(1)(A); 18 U.S.C. § 2 (1988). One
codefendant pled guilty before trial and

the other two fled one day before the jury rendered a verdict.

At one point, the government dismissed the substantive possession counts and proceeded to trial on the conspiracy charges. On December 20, 1989 the jury returned a verdict against all defendants. Mejia–Castillo was remanded immediately.

In preparing the presentence investigation report (the "PSI"), the probation officer calculated a base offense level of 34, which did not include a two-point credit for acceptance of responsibility. The Probation Department also assigned a Criminal History Category of II because, according to its records, Mejia–Castillo committed his federal offense while on probation from a prior New York State conviction. The final guideline calculation, therefore, yielded a range of 168 to 210 months.

Prior to sentencing, Mejia–Castillo filed written objections to the PSI, largely challenging factual inaccuracies. Appellant did, however, file one objection aimed directly at the guideline calculation, namely, that he should have been placed in Criminal History Category I and subjected to the resulting lesser range. At sentencing, Mejia–Castillo raised the additional objection that the Probation Department erroneously denied him a two-point reduction for acceptance of responsibility.

After hearing argument, the district court denied the objections and sentenced appellant in the middle of the range, imposing a 189–month term of imprisonment. This appeal followed.

## DISCUSSION

### I. *Acceptance of Responsibility*

Appellant maintains that, unlike his codefendants, he did not jump bail (despite his alien status) or commit or assist in committing outright perjury during the course of trial. Such meritorious conduct, in the eyes of the appellant, demonstrates responsible behavior and deserves a reduction in the guideline calculation. The district court nonetheless declined any reduction for acceptance of responsibility.

Under the Sentencing Guidelines, a defendant may earn a two-point reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the trial court's decision appropriately receives great deference on appellate review. *Id.* at Application Note 5; *see United States v. Ramirez*, 910 F.2d 1069, 1071 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 531, 112 L.Ed.2d 542 (1990); *United States v. Tillem*, 906 F.2d 814, 828 (2d Cir.1990); *United States v. Rios*, 893 F.2d 479, 481 (2d Cir.1990); *United States v. Moskowitz*, 883 F.2d 1142, 1155 (2d Cir.1989) (district court's denial of acceptance reduction upheld, noting sentencing court's "understandable skepticism" of defendant's sincerity in his narrowly tailored acceptance); *see also United States v. Oliveras*, 905 F.2d 623, 631 (2d Cir.1990) (*per curiam*) ("Other cases from our circuit that have affirmed the *denial* of the acceptance of responsibility credit.... rested on deference to the sentencing judge's credibility determination that the defendant had not accepted responsibility for the crimes *of which he had been convicted.*") (emphasis in original).

■ Turning to the record in this case, the district court committed no error in not awarding a two-point credit for acceptance of responsibility. Evaluating appellant's purported acceptance, the court noted that "it still means that there is no assumption of responsibility." The record is devoid of any affirmative acceptance of personal responsibility for the crimes committed, as contemplated by the Guidelines. *Oliveras*, 905 F.2d at 632. Abstaining from the commission of a crime or from impropriety is certainly not evidence of acceptance of responsibility.

Indeed, it came out during sentencing that Mejia–Castillo, when interviewed by the probation officer after trial, refused even to discuss the case, insisting that he had nothing to do with the crime. While exercising the constitutional right to trial

does not, of course, preclude receiving an acceptance reduction, *Tillem,* 906 F.2d at 828, this court has upheld a district court's denial of the reduction even where a defendant makes a plea on the eve of trial but later shows a lack of contrition. *Rios,* 893 F.2d at 480–81.

## II. *Criminal History*

A separate numerical calculation, wholly distinct from the offense level calculation, determines criminal history category. If a defendant has only one prior conviction, for which he received a sentence of probation, then he receives one point toward his criminal history and falls within Category I. U.S.S.G. § 4A1.1(c). If, however, the defendant commits another offense while still on probation from the prior conviction, an additional two points are added (for a total of three points), placing that defendant in Criminal History Category II for purposes of computing the Sentencing Guideline range for the second offense. U.S.S.G. § 4A1.1(d); *United States v. Prescott,* 920 F.2d 139, 142 (2d Cir.1990); *United States v. Dyke,* 901 F.2d 285, 287 (2d Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990); *United States v. Rich,* 900 F.2d 582, 583 (2d Cir.1990); *United States v. Coe,* 891 F.2d 405, 408 n. 3 (2d Cir.1989).

Appellant's adjusted guideline range was properly calculated at 34. For defendants who fall within Criminal History Category I, the applicable range would be 151 to 188 months; for those falling within Criminal History Category II, the applicable range is 168 to 210 months.[1] Before sentencing, Mejia–Castillo's counsel objected in writing to the PSI's finding that appellant committed the offense while on probation, stating "[d]efendant advises ... that he was informed prior to his arrest on this case that his probation was terminated early."

1. We note in passing that if the district court had sentenced appellant somewhere within the twenty-month overlap, his dispute regarding any alleged criminal history miscalculation would not have been appealable because appellant would be unable to demonstrate any prejudice. Thus, if the sentence had been 188

In a signed addendum to the PSI, the probation officer addressed the objection, responding:

This officer spoke directly with the defendant's State Probation Officer, Sandra Brown, on two separate occasions. Mejia–Castillo was not terminated early from supervision as he states he was. This fact is also reflected on his NYSID sheet which gives his expiration date as the maximum, November 6, 1989.

When asked at sentencing whether he had anything to add, Mejia–Castillo himself stated: "Yes, I wasn't on parole when they said I was on parole." Apparently, Mejia–Castillo's counsel had no lingering concern about the issue (in light of the Probation Department's addendum) because when the prosecutor mentioned the violation of state probation, there was no argument from the defense. Indeed, at one point defense counsel implicitly conceded the point in arguing that the proper offense calculation was a level 32 (assuming an acceptance of responsibility reduction) with a resulting range of 135 to 168 months. That range corresponds to an adjusted offense level of 32 with a Criminal History Category of II.

Under the Guidelines, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). The information then presented to the court need only have "sufficient indicia of reliability to support its probable accuracy" without regard to admissibility under the rules of evidence. *Id.; see also* Commentary to § 6A1.3; *United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989); *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

■ Defendants are entitled to due process up to and through the imposition of

months, instead of 189 months, no appeal would lie. *United States v. Bermingham,* 855 F.2d 925, 934–35 (2d Cir.1988); *see United States v. Rich,* 900 F.2d 582, 586 (2d Cir.1990); *United States v. Turner,* 881 F.2d 684, 688–89 (9th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

sentence. *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir.1986) (citing *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977)), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989). Disputed sentencing factors, however, need only be proved by a preponderance of the evidence to satisfy due process. *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 182 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Rivalta*, 892 F.2d 223, 230 (2d Cir.1989); *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990); *see McMillan v. Pennsylvania*, 477 U.S. 79, 91–93, 106 S.Ct. 2411, 2418–20, 91 L.Ed.2d 67 (1986) (preponderance standard held to satisfy due process in state sentencing proceeding).

On appeal, the reviewing court must "accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *see United States v. Santiago*, 906 F.2d 867, 871 (2d Cir.1990); *United States v. Parker*, 903 F.2d 91, 103 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990); *United States v. Shoulberg*, 895 F.2d 882, 884 (2d Cir.1990); *see also United States v. Lanese*, 890 F.2d 1284, 1291 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2207, 109 L.Ed.2d 533 (1990). We will not overturn the district court's application of the Guidelines to the facts absent an abuse of discretion. *Santiago*, 906 F.2d at 871; *Parker*, 903 F.2d at 103; *Shoulberg*, 895 F.2d at 884. On this record we find no clear error or abuse of discretion in the district court's conclusion that Mejia–Castillo was on probation at the time he committed his crime.

Recently, this court unequivocally confirmed that, although "the Guidelines reduce a sentencing court's discretion in setting the sentence, this decreased discretion does not limit the *procedure* a district court may choose to follow in determining the facts affecting sentence." *United*

States v. Prescott*, 920 F.2d 139, 143–44 (2d Cir.1990) (emphasis in original). The procedure followed in resolving disputed factors at sentencing rests in the sound discretion of the trial court. *Id.* at 144; *see United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Carmona*, 873 F.2d at 574 (sentencing court's discretion largely unlimited either as to kind or source of information it may consider). Accordingly, the sentencing court is under no duty to conduct a "full-blown" evidentiary hearing every time a defendant contests a fact in a presentence report. *Prescott*, 920 F.2d at 144. Indeed, "[t]his is not the sort of situation where all a defendant need do is knock on the hearing room door, and it will automatically open to him." *United States v. Khan*, 920 F.2d 1100, 1102 (2d Cir.1990). The commentaries to section 6A1.3 state that, in many circumstances, the written statements of counsel or affidavits of witnesses are themselves sufficient to resolve the dispute.

In sentencing Mejia–Castillo, the district court relied upon the signed PSI addendum documenting firsthand discussions with the state probation officer and review of the state rap sheet. Both confirmed that Mejia–Castillo was indeed on probation at the time of his offense. In addition, the district court was entitled to consider the failure of Mejia–Castillo or his counsel to support the bald, unsubstantiated statement that defendant was not on probation at the time of his offense, despite their clear opportunity to do so. *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 182 (2d Cir. 1990) (Consideration of relevant evidence is "not thought to offend due process, provided a defendant was given an *opportunity* to contest the accuracy of that information.") (emphasis added); *see also United States v. Romano*, 825 F.2d 725, 728–30 (2d Cir.1987).

On a review of the record, it cannot be said that the district court's conclusion was clearly erroneous or an abuse of discretion, or that the procedure followed resulted in a deprivation of due process.

## CONCLUSION

Accordingly, the judgment of the district court is hereby affirmed.