924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
IDA ROBINSON, Defendant-Appellant.
 No. 90-5473
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: December 7, 1990
Decided: February 11, 1991
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-89-102-3)
 ARGUED: R. Lee Booten, II, Huntington, West Virginia, for Appellant.
 John Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 ON BRIEF: Michael W. Carey, United States Attorney, Charleston, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Ida Robinson appeals her 24-month sentence for conspiracy to deliver cocaine on the grounds that the length of the sentence is disproportionate to the crime committed, in violation of the eighth amendment. Under the proportionality standard set forth by the United States Supreme Court in Solem v. Helm, 463 U.S. 277 (1983), and adopted in this Circuit by United States v. Rhodes, 779 F.2d 1019 (4th Cir. 1985), eighth amendment proportionality review is required only when a life sentence without parole is levied. Finding no merit in Robinson's constitutional claim, we affirm the district court's sentencing order.
 
 I.
 
 2
 On May 3, 1989, Ida Robinson was arrested along with her sister in Huntington, West Virginia, after selling one pound of cocaine to a co-operating witness in exchange for $15,000 cash. Robinson's overt act consisted of helping her sister count the money. The sisters were indicted on May 24, 1989. Robinson was charged in two counts, alleging violations of 21 U.S.C. Sec. 841(a)(1), possession with intent to distribute cocaine, and 21 U.S.C. Sec. 846, conspiracy to distribute cocaine.
 
 
 3
 Robinson and her sister each entered a plea of guilty to a violation of 21 U.S.C. Sec. 846 (conspiracy). The statutory penalty for this offense is imprisonment for a period not to exceed twenty years and a fine not to exceed one million dollars. 21 U.S.C.A. Sec. 846 (West Supp. 1990); 21 U.S.C.A. Sec. 841(b)(1) (West Supp. 1990). The presentence report indicated that Robinson had never previously been arrested, that the government possessed no knowledge that she was ever involved in any drug trafficking, and that her only overt act committed within the conspiracy was to be present during the transaction and help her sister count the money.
 
 
 4
 Robinson's sentencing hearing was held on March 7, 1990, before Robert J. Staker, United States District Judge for the Southern District of West Virginia, at Huntington. Judge Staker reduced by six points the base offense level of 24 established by the federal Sentencing Guidelines for conspiracy involving one pound of cocaine-two points for acceptance of responsibility pursuant to Section 3E1.1, and four points pursuant to Section 3B1.2 for being a minimal participant in the conspiracy. The resultant Guidelines level was 18, with a sentencing range of 27-33 months. Judge Staker then made a downward departure on the grounds that Robinson was the mother of an infant child, and ordered her to be incarcerated for 24 months. Robinson's sister was sentenced to 30 months' incarceration, a downward departure from her Guidelines range of 41-51 months.
 
 II.
 
 5
 When reviewing a district court's application of the federal Sentencing Guidelines in a given case, this court "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C.A. Sec. 3742(e) (West Supp. 1990); see also United States v. Stokley, 881 F.2d 114, 115-16 (4th Cir. 1989); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Our review of constitutional challenges to the Sentencing Guidelines is de novo, as a purely legal determination. Daughtrey, supra, 874 F.2d at 217.
 
 
 6
 This Circuit follows the standard for reviewing the proportionality of sentences issued under the federal Sentencing Guidelines that was enunciated by the United States Supreme Court in Solem v. Helm, 463 U.S. 277 (1983). See United States v. Rhodes, 779 F.2d 1019 (4th Cir. 1985); United States v. Owens, 902 F.2d 1154 (4th Cir. 1990); United States v. Guglielmi, 819 F.2d 451 (4th Cir. 1987), cert. denied, 484 U.S . 1019 (1988). In Solem, the Court held that eighth amendment proportionality review is required only when a life sentence without parole has been imposed.
 
 
 7
 Robinson concedes the law as expressed by Solem and Rhodes, but urges this court to reconsider Rhodes. We could not do so even if we were so inclined, for we are bound by Rhodes. Fed. R. App. P. 35; Guglielmi, supra, 819 F.2d at 457 (holding that only an en banc court, not a subsequent panel, has authority to overturn a previous panel's published decision).
 
 
 8
 Even if this court were to conduct a proportionality review of Robinson's sentence, her challenge would fail. Robinson claims that disproportionality is evidenced by the disparity between the sentence she received and the sentence imposed upon her sister, in that her sister was given an eleven-month downward departure while Robinson received only a three-month downward departure. Although this court has not directly addressed the issue in a case where all co-conspirators were sentenced under the Guidelines,[1] we have noted that several circuits have held that a Guidelines sentence may not be challenged on the ground that a co-conspirator was sentenced differently. United States v. Goff, 907 F.2d 1441, 1447 (4th Cir. 1990) (citing United States v. Guerrero, 894 F.2d 261, 267-68 (7th Cir. 1990); United States v. Pierce, 893 F.2d 669, 678 (5th Cir. 1990); United States v. Rios, 893 F.2d 479, 481 (2d Cir. 1990)). Moreover, to the extent that Robinson's appeal alleges that the degree of departure in her case was insufficient, this court has precluded such a ground for appeal by virtue of our interpretation of the appellate review statute, 18 U.S.C. Sec. 3742(a), (b). United States v. Daly, 883 F.2d 313 (4th Cir. 1989).[2]
 
 
 9
 The district court did not err in its application of the Sentencing Guidelines in Robinson's case, unless it erred in her favor. The court's sentencing order is therefore
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 In United States v. Daly, 883 F.2d 313 (4th Cir. 1989), we approved a departure based on the sentence imposed on the defendant's co-conspirators, but in that case the co-conspirators had been sentenced under the pre-Guidelines system which allowed for parole after service of only a portion of the sentence imposed
 
 
 [2]
 We note that, in fact, Robinson's sentence should have been longer than 24 months, because the district court's downward departure was made on the basis of an impermissible factor. See United States v. Goff, 907 F.2d 1441, 1446 (4th Cir. 1990) (holding that downward departure could not be justified on the basis of defendant's responsibilities for care of her children, as this factor had been adequately taken into account in promulgation of Sentencing Guidelines). The government, however, did not challenge the sentence imposed upon Robinson on that ground