110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Lynn SEXTON, Jr., Defendant-Appellant.
 No. 96-5969.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: MERRITT, KRUPANSKY, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Lynn Sexton Jr. appeals his judgment of conviction and sentence following a jury's determination that he had conspired to manufacture marijuana in violation of 21 U.S.C. § 846, aided and abetted the manufacturing of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possessed marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Sexton's timely appeal, counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel submits the following issues for review: 1) whether the district court erred when it sentenced Sexton to the statutory minimum; 2) whether the district court erred when it enhanced Sexton's criminal history category score (CHCS) for committing an offense while on probation; 3) whether the district court erred when it enhanced Sexton's CHCS based on an uncounseled guilty plea conviction; and 4) whether the district court erred when it declined to grant Sexton a reduction for being a minor participant.
 
 
 3
 Upon review, we conclude that the district court properly enhanced Sexton's CHCS based on his uncounseled guilty plea conviction. See Nichols v. United States, 511 U.S. 738, 746-49 (1994). In addition, the district court did not commit plain error when it enhanced Sexton's CHCS for committing the current offenses while on probation from an earlier conviction. See Fed.R.Crim.P. 52(b); United States v. Barajas-Nunez, 91 F.3d 826, 830 (6th Cir.1996). Where a defendant has a prior conviction for which he received a sentence of probation, then he receives one point toward his CHCS. See § 4A1.1(c). In addition, if the defendant commits another offense while still on probation from the prior conviction, an additional two points are added to his score. See § 4A1.1(d); United States v. Ibanez, 924 F.2d 427, 429 (2d Cir.1991). The record clearly reflects that Sexton was on probation from his earlier wanton endangerment conviction at the time he committed the current offenses.
 
 
 4
 The remaining issues are not reviewable as counsel waived them during the sentencing hearing. The Supreme Court has held that while "forfeited" rights are reviewable, "waived" rights are not, even for plain error. United States v. Olano, 507 U.S. 725, 733 (1993). The court explained that forfeiture is "the failure to make the timely assertion of a right," whereas "waiver is the intentional relinquishment or abandonment of a known right." Id. The record reflects that counsel affirmatively waived any objections based on the arguments asserted in the grounds enumerated 1 and 4 above.
 
 
 5
 Finally, we have examined the record and discovered no error warranting reversal of Sexton's convictions or sentence.
 
 
 6
 Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.