101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Edward FALCO, Defendant,
Robert Carnival, a/k/a Bobby, Defendant-Appellant.
 No. 95-1409.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
Rehearing Denied Sept. 27, 1996.
Order Denying Rehearing Sept. 27, 1997.
 
 1
 David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Appellant.
 
 
 2
 Neil E. Ross, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Robert Carnival appeals from the sentence of a prison term of 12 months and one day, three years' supervised release, and an assessment of $50, imposed by Judge Dearie after Carnival pleaded guilty to conspiracy to commit extortion in violation of 18 U.S.C. § 1951. The indictment alleged a conspiracy by the Genovese organized crime family to dominate the window installation business in the New York metropolitan area. At the plea hearing, Carnival pleaded guilty to conspiracy to commit extortion and specifically admitted to threatening Jack Margalit, the low-bidder on a window installation project for the New York Housing Authority by telling Margalit that "it wasn't to his advantage to take the bid, that it would hurt him financially and economically and, you know, it would make other people happy if he didn't."
 
 
 7
 On appeal Carnival argues that the presentence report recommended, and the district court applied, the wrong guideline. The district court applied § 2B3.2 of the United States Sentencing Guidelines, which applies
 
 
 8
 if there was any threat, express or implied, that reasonably could be interpreted as one to injure a person or physically damage property, or any comparably serious threat, such as to drive an enterprise out of business. Even if the threat does not itself imply violence, the possibility of violence or serious adverse consequences may be inferred from the circumstances of the threat or the reputation of the person making it. An ambiguous threat, such as "pay up or else," or a threat to cause labor problems, ordinarily should be treated under this section.
 
 
 9
 U.S.S.G. § 2B3.2 comment. (n. 2). Under § 2B3.2 the base offense level is 18. Carnival contends that he should have been sentenced under U.S.S.G. § 2B3.3, which covers only those "forms of extortion where there clearly is no threat of violence to person or property," U.S.S.G. § 2B3.3(a) & comment. (n. 1), under which the base offense level is 9.
 
 
 10
 Carnival did not raise this issue in the district court, and it must therefore be deemed waived unless the purported defect in sentencing constitutes plain error. Fed.R.Crim.P. 52(b); United States v. Keppler, 2 F.3d 21, 24 (2d Cir.1993). We find no error, much less plain error.
 
 
 11
 Carnival's argument confuses conspiracy to commit extortion with the substantive crime. Because he pleaded guilty to conspiracy to commit extortion, the extortion guideline that applies does so only through the guideline for conspiracy, U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Thus, the choice of guideline is to be determined by the nature of the conspiracy, not by those elements of the substantive offense specifically committed by the defendant. This is confirmed by U.S.S.G. § 1B1.3, which directs courts in cases where more than one guideline might apply to determine the base level, specific offense characteristics, cross-references, and adjustments on the basis of:
 
 
 12
 (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
 
 
 13
 (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,
 
 
 14
 that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense....
 
 
 15
 U.S.S.G. § 1B1.3(a)(1); see also United States v. Patino, 962 F.2d 263 (2d Cir.), cert. denied, 506 U.S. 927 (1992). Thus, contrary to Carnival's assumption, in choosing the correct guideline the district court was not confined to elements of extortion admitted to--or even committed directly by--Carnival.
 
 
 16
 Furthermore, given the background of Mafia domination and threats of violence that characterized the window installation conspiracy of which Carnival was a part, the district court could properly have found, and in all likelihood would have found, had the issue been raised, that Carnival's own threat to Margalit was a thinly masked threat of violence.
 
 
 17
 Nor was the district court limited, as Carnival also seems to assume, to evidence presented in his case alone. The trial court was entitled to consider evidence from the related trial of other window-installation conspirators, see United States v. Gigante, 39 F.3d 42 (2d Cir.1994) ("Gigante "), at which Judge Dearie himself presided. See United States v. Rios, 893 F.2d 479, 481 (2d Cir.1990); United States v. Romano, 825 F.2d 725, 728 (2d Cir.1987); see also United States v. Tucker, 404 U.S. 443, 446 (1972); United States v. Pugliese, 805 F.2d 1117, 1122 (2d Cir.1986), cert. denied, 489 U.S. 1067 (1989). At that trial, Margalit had testified to fear of violence, giving potential arson as an example. In the course of Carnival's sentencing proceeding Judge Dearie stated that he "remember[ed] ... well" the evidence from the Gigante trial of the threats to Margalit. Furthermore, evidence adduced at the Gigante trial showed that the window-installation conspiracy was steeped in threats and acts of violence. Gigante, 39 F.3d at 44-46.
 
 
 18
 Carnival's argument is not aided by Judge Dearie's remark that he
 
 
 19
 sat for probably close to seven months listening to testimony in this other Windows case and heard your [Carnival's] name often. But more significantly than that, I never heard any evidence that I can think of other than Pete Savino shooting up a bunch of windows out in a back lot one day. I never heard any evidence that could be characterized as threatening or attempts to instill fear and use of violence, coercion of any kind. It just wasn't there.
 
 
 20
 This remark was in response only to Carnival's claim that Savino had intimidated Carnival into participating in the conspiracy; the district court was not asserting that Carnival had not threatened Margalit.
 
 
 21
 To the extent that Carnival seeks to excuse himself by arguing that the "ambience" of the window-installation industry was one of fear of being put out of business and necessity of labor payoffs (with hints even of fear of violence), his argument calls for application of the stiffer guideline, U.S.S.G. § 2B3.2. This ambience was the direct and intended result of the conspiracy to which Carnival pleaded guilty. The district court took note of that atmosphere. Although the district court did not put Carnival "in the middle of that," he did note his heavy involvement and adopted the presentence report's factual findings and suggested guideline application, which likewise found that Carnival "seems to have been less culpable than a minor participant and more culpable than a minimal participant." Presentence Report p 12.
 
 
 22
 We therefore affirm.
 
 ORDER ON REHEARING
 Sept. 27, 1996
 
 23
 Petition for rehearing of a summary order and judgment of this court entered on July 25 1996.
 
 
 24
 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for rehearing is denied.
 
 
 25
 In his request for a rehearing of the summary order and judgment of this court entered on July 25, 1996, petitioner correctly notes that U.S.S.G. § 2X1.1 is not the applicable sentencing guideline for Hobbs Act violations committed in 1989. However, this is irrelevant because Judge Dearie did not sentence petitioner under § 2X1.1 but instead correctly applied § 2B3.2. This was entirely proper because he found the requisite threat of violence as discussed in the previous summary order.
 
 
 26
 Rehearing denied.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation