**UNITED STATES of America,**
**Appellee,**

v.

**Nasratullah SUBHAN, Defendant–**
**Appellant.**

**Docket No. 01–1460.**

United States Court of Appeals,
Second Circuit.

June 7, 2002.

Jorge Guttlein, Aranda & Guttlein, New York, NY, for Appellant.

Lawrence Gerschwer, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Nasratullah Subhan appeals from a judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (Baer, J.) following his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms and more of heroin and attempt to distribute and possess with intent to distribute five kilograms and more of heroin, both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On appeal, Subhan challenges: (1) the district court's ruling that he was precluded from raising the affirmative defense of duress at trial; and (2) the denial at sentencing of Subhan's motion for a downward departure.

Subhan has waived his argument that the district court erred in precluding him from raising the affirmative defense of duress at trial. "[A] defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Calderon*, 243 F.3d 587, 590 (2d Cir.), *cert. denied*, 533 U.S. 960, 121 S.Ct. 2616, 150 L.Ed.2d 770 (2001); *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989). There is no question that Subhan was aware that he was waiving the right to challenge this ruling.

As to Subhan's motion for a downward departure based on duress: "Although generally a failure to depart downwardly is not appealable, if the due process right asserted by appellant exists and the denial of a departure violated that right, the constitutional aspects of the denial [are] appealable." *United States v. Zagari*, 111 F.3d 307, 330 (2d Cir.1997). But Subhan has not established any constitutional violation.

Subhan contends that he was not able to present live or videotaped testimony of his witnesses who lived in Pakistan and for whom the government would not furnish visas for travel to the United States. The district court properly determined that it could rely on affidavits of Subhan's witnesses. The decision whether to conduct an evidentiary hearing at sentencing is committed to the "broad discretion" of the district court. *Zagari*, 111 F.3d at 330. "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3. "Written statements of counsel or affidavits of witnesses may be adequate under many circumstances." U.S.S.G. § 6A1.3, comment para. 2; *United States v. Ibanez*, 924 F.2d 427 (2d Cir. 1991).

Subhan was provided an adequate opportunity to present his case and be heard. The court relied primarily on Subhan's own testimony in concluding that a departure was not warranted.

Finally, we reject Subhan's contention that the district court's denial of his departure motion was inconsistent with its decision not to enhance Subhan's offense level for obstruction of justice. The district court was well within its discretion in denying the departure motion, having "concluded that there are too many inconsistencies in [Subhan's] account ... to [warrant] a downward departure for duress."

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**