**UNITED STATES of America,**
**Appellee,**

v.

**Abul HUSSAIN, Defendant–Appellant.**

**No. 06–0688–cr.**

United States Court of Appeals,
Second Circuit.

May 25, 2007.

Bonnie S. Klapper, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Gerald M. Hertz, Gerald M. Hertz & Associates, P.C., Long Island City, NY, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Abul Hussain ("Hussain") appeals from a judgment of conviction filed on January 30, 2006 principally sentencing Hussain to 63 months' imprisonment and $303,935.23 in restitution upon a plea of guilty to one count of laundering the proceeds of credit card fraud. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Hussain has waived any challenge to the district court's factual findings because he did not object to them below. All three of the factual findings that Hussain objects to were based on information contained in his Presentence Report ("PSR"). At sentencing, the district court asked Hussain whether he had reviewed the PSR and whether he objected to it. Hussain responded that he had reviewed the PSR and that he did not object to it, with one minor exception that is not relevant to this appeal. By explicitly declining to object to the factual matters contained in the PSR at the time of sentencing, Hussain has waived his right to challenge them on appeal. *See United States v. Rizzo,* 349 F.3d 94, 99 (2d Cir.2003) ("[I]f a defendant fails to challenge factual matters contained in

the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."); *United States v. Feigenbaum,* 962 F.2d 230, 233 (2d Cir. 1992) (declining to consider challenges to factual matters in the PSR since the defendant "and his counsel were both given the opportunity to raise any factual errors contained in the report at the time of sentencing").

Hussain next argues that it was unreasonable for the district court to impose a sentence within the Guidelines range in light of his history, characteristics, and attempt to cooperate with the government. Following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a district court's sentence is reviewed for "reasonableness." *See United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). Reasonableness review "involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). The record shows the district court's thorough and reasoned consideration of the relevant Guidelines factors in sentencing Hussain and there is nothing extraordinary in the facts or circumstances of this case to indicate that the sentence imposed was unreasonable.

Hussain challenges the district court's order of restitution on the ground that he was not provided with the affidavits of loss relied upon by the district court in fashioning the restitution order. Because Hussain did not object to the restitution order below, we review for plain error. *See United States v. Boyd,* 222 F.3d 47, 49 (2d Cir.2000) (per curiam).

Under the Mandatory Victims Restitution Act ("MVRA"), *see* 18 U.S.C. § 3663A *et seq.,* the sentencing court is required to direct the probation officer to report to the

court "information sufficient for the court to exercise its discretion in fashioning a restitution order." *Id.* § 3664(a). The MVRA also directs the court to "disclose to both the defendant and the attorney for the Government all portions of the presentence or other report" used in determining the amount of restitution. *Id.* § 3664(b). We need not decide whether the MVRA requires disclosure of loss affidavits or whether the district court erred by failing to require the probation officer to compile the information in those affidavits into a separate report. Even if the district court erred, the defendant has not provided any evidence that he was prejudiced by such error. *See United States v. Stevens,* 211 F.3d 1, 5–6 (2d Cir.2000) (applying harmless error review to a challenge to a restitution order). Hussain has failed to point to any evidence that suggests the affidavits of loss were overstated. In this regard, it is worth noting that the PSR stated that Hussain had engaged in fraudulent transactions totaling $2,778,211.00 and that Hussain failed to object to the PSR at sentencing. Because the defendant has not made any showing that he has any basis on which to challenge the amounts set forth in either affidavit of loss, there has been no showing that the error "affect[ed] [his] substantial rights," *id.* at 5, and remand is unnecessary.

We have considered all of the defendant's other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**