12-5125-cr
United States v. Schwamborn

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                                                      12-5125-cr

FRANK SCHWAMBORN,

                    *Defendant-Appellant*.

---

Appearing for Appellant:     Samuel P. Groner (Jennifer L. Colyer and Nicole M. Lunn, *on the brief*), Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY.

Appearing for Appellee:      Charles P. Kelly, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*, David C. James, Assistant United States Attorney, *of counsel*), Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Frank Schwamborn pleaded guilty to a securities fraud offense for violating 18 U.S.C. § 1348. He was sentenced principally to 121 months of imprisonment. Schwamborn now appeals from the district court's December 3, 2012 Order of restitution in the amount of $182,022.94. On appeal, Schwamborn argues that the district court erred by: (1) relying on one of the victim's affidavits that was unreliable and overstated the loss amount; (2) concluding that Schwamborn had caused the victims' losses; and (3) ordering restitution where the factual circumstances burdened the sentencing process to a degree that outweighed the need to provide restitution to the victims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Schwamborn argues that the district court erred in calculating the amount of restitution in this case because it based its calculation, in part, on Paul B. Rosen's post-remand affidavits. Schwamborn maintains that those affidavits were not reliable, and that they did not state Rosen's actual losses because some of his investments in World Cyberlinks were in a joint tenancy account of which he was not the sole owner. Schwamborn did not contest Rosen's affidavits before the district court. It is true that the government filed its post-remand request for restitution on behalf of Rosen after the district court's deadlines for the parties to make their submissions concerning restitution. However, Schwamborn had notice of the government's restitution request on behalf of Rosen prior to the May 30, 2012 restitution hearing, yet failed to object to that request in writing or at the hearing. Accordingly, plain error review is the proper standard with respect to the district court's reliance on Rosen's affidavits. *See United States v. Marino*, 654 F.3d 310, 316 (2d Cir. 2011).

In resolving a dispute related to sentencing, the court may rely on information that would not be admissible under the Federal Rules of Evidence, "provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a), p.s. "[I]n many circumstances, the written statements of counsel or affidavits of witnesses are themselves sufficient to resolve the dispute." *United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir. 1991) (citing USSG § 6A1.3, p.s., cmt.).

In this case, the district court did not commit plain error by relying, in part, on Rosen's post-remand affidavits to determine the amount of restitution that Schwamborn owed. Rosen's post-remand affidavits were sworn and notarized. One of those affidavits stated the dates on which Rosen purchased the World Cyberlinks securities and the amounts he paid for the stock. There is no evidence that Rosen ever sold those securities. In fact, he attested that he "expended in the year 2000 the sum of $97,622.91 in purchasing World Cyberlinks stock," and "lost [his] entire investment." The fact that Rosen's pre-remand affidavit stated a lower and indeterminate amount of losses—"53,000.00+"—does not undermine the reliability of his post-remand affidavits, one of which explained why he did not provide a more accurate calculation of his losses before the remand in this case.

Nor did the district court commit plain error by including in the restitution order the full amount that Rosen lost from his joint tenancy account. Rosen attested that he personally purchased the amounts of World Cyberlinks stock in the joint tenancy account that are listed on

2

one of his post-remand affidavits, and that he lost that entire amount. Accordingly, unlike in many joint tenancy accounts, in this case it was not difficult to determine what portion of the loss from the joint account belonged to Rosen. In addition, Schwamborn provided no rationale for why New York law should apply to the court's analysis of how much of the joint account Rosen owned. According to the treatise cited by Schwamborn, each depositor in a joint account "is allowed to treat joint property as if it were entirely his or her own." 10 Am. Jur. 2d *Banks and Financial Institutions* § 663. Based on the foregoing, it was not plain error for the district court to conclude that the full amount of loss that Rosen claimed with respect to his joint tenancy account accrued to Rosen, and that Rosen was the owner of the money that was lost from that account.

The district court did not abuse its discretion in concluding that Schwamborn had directly and proximately caused the victims' losses. Under the Mandatory Victim Restitution Act, a victim may recover losses if she or he is "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2); *see also Marino*, 654 F.3d at 316–24. In this case, Schwamborn inflated the price of inherently worthless shares in World Cyberlinks, he misrepresented the fact that the stock lacked any actual value, and no reasonable investor would have bought shares had the truth about World Cyberlinks's stock been revealed. Accordingly, it was within the district court's discretion to conclude that Schwamborn was the "but for" cause of the victims' losses. *See Marino*, 654 F.3d at 322. In addition, it was entirely foreseeable that the victims here would lose their investments because the stock in World Cyberlinks was inherently worthless. Moreover, the risk of loss that Schwamborn created by promoting worthless stock was "within the zone of risk" concealed by the scheme. *Id.* at 321; *see also id.* at 323 & n.8. Accordingly, it was permissible for the district court to conclude that Schwamborn was the proximate cause of the victims' losses.

Finally, the district court did not abuse its discretion in concluding that the factual circumstances is this case were not so complex as to unduly complicate or prolong the sentencing process and outweigh the need to provide restitution to the victims.

There are two aspects of the district court's restitution order that merit further note. First, the district court stated that each victim submitted an affidavit and supporting documentation of her or his losses, when in fact Rosen only submitted affidavits and no supporting documentation. Any error in the district court's statement concerning the supporting documentation was harmless because Rosen's post-remand affidavits were sufficiently reliable. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *see also United States v. Hussain*, 225 F. App'x 22, 24 (2d Cir. 2007) (summary order) (noting that harmless error review has been applied where a defendant challenges a restitution order).

Second, there is an apparent arithmetical error in one of Rosen's post-remand affidavits, and that error was incorporated into the district court's calculation of the total restitution that Schwamborn owed. The sum of all of the loss amounts listed in the seven transactions in one of Rosen's affidavits was $97,620.91. However, Rosen's affidavit stated that his total loss was two dollars more than that sum—$97,622.91. The district court's restitution order was based on the higher number. Because that error is de minimis we will not remand this case to correct the arithmetical error.

3

We have examined the remainder of Schwamborn's arguments and find them to be without merit. Accordingly, the Order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk