16-193-cr
United States v. Kinney

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
    DEBRA ANN LIVINGSTON,
    SUSAN L. CARNEY,
     *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

         *Appellee*,

    v.              No. 16-193-cr

DEBRA J. KINNEY,

     *Defendant-Appellant*,

------------------------------------------------------------------------

APPEARING FOR APPELLANT:  AVI SPRINGER (Devin McLaughlin, *on the brief*), Langrock Sperry & Wool, LLP, Middlebury, Vermont.

APPEARING FOR APPELLEE:  WILLIAM B. DARROW, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Eric S. Miller, United States Attorney for the District of Vermont, Burlington, Vermont.

1

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 5, 2016, is AFFIRMED.

Defendant Debra Kinney, former manager of the Border Lodge Credit Union, stands convicted after a guilty plea to one count of embezzling funds from that savings organization in violation of 18 U.S.C. § 657.   Sentenced to a below-Guidelines prison term of 36 months, following her sentencing representation that she would "cooperate fully with the courts in [making] whatever they deem to be just . . . restitution complete," App'x 32, Kinney now appeals the $812,329 restitution order subsequently entered by the district court, challenging both the dollar amount and the process by which that amount was determined.   Our standard of review is abuse of discretion, which we will identify only where the decision rests upon an error of law or fact or otherwise cannot be located within the range of permissible decisions.  *See United States v. Thompson*, 792 F.3d 273, 276–77 (2d Cir. 2015); *United States v. Gushlak*, 728 F.3d 184, 193–94 (2d Cir. 2013).[1]   In so reviewing Kinney's challenges, we assume the parties' familiarity with

---

[1] The government urges plain error review, arguing that Kinney's claims were not preserved below.  In the district court, Kinney argued that the government failed to provide "supporting documentation" for any restitution exceeding the $499,757 claimed by the National Credit Union Association.  App'x 90–91.  Assuming that this was sufficient to "communicate the nature of [Kinney's] claim[s]," even in the absence of "precise or detailed legal arguments," *United States v. Huggins*, 844 F.3d 118, 121 n.3 (2d Cir. 2016) (internal quotation marks omitted), we nevertheless conclude that she fails to demonstrate abuse of discretion.

the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Amount of Restitution

The challenged restitution order was in four parts: (1) $499,757 to the National Credit Union Administration ("NCUA"); (2) $265,000 to CUMIS Insurance; (3) $2,572 to credit union member Gordon Chadburn; and (4) $45,000 to credit union member Lise Fournier.   Kinney does not dispute the award to CUMIS.   Instead, she argues that the award to NCUA was impermissibly duplicative of that award and that the Chadburn and Fournier claims were insufficiently documented to be awarded without an evidentiary hearing.   We are not persuaded.

a.    Duplicative Award

The Mandatory Victims Restitution Act ("MVRA") requires a district court to order restitution in the full amount of a victim's loss from the offense of conviction.   *See* 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A); *United States v. Thompson*, 792 F.3d at 278. The law recognizes that victims' losses cannot always be identified with "mathematical" precision and, thus, has approved "a reasonable approximation of losses supported by a sound methodology."   *United States v. Gushlak*, 728 F.3d at 196; *see also Paroline v. United States*, 134 S. Ct. 1710, 1728 (2014).   At the same time, however, the law does not authorize restitution to victims "in excess of their losses."   *United States v. Pescatore*, 637 F.3d 128, 139 (2d Cir. 2011).   Thus, a district court cannot recompense both a victim and his compensating insurer for the same loss.   *See United States v. Thompson*, 792 F.3d at 279.

The district court here concluded that a $499,757 award to the NCUA and a $265,000 award to CUMIS were not so duplicative because the loss to the NCUA far exceeded the combination of awards to these victims. This conclusion finds support in the record. The NCUA, the agency that insures members' deposits in federal credit unions, including the Border Lodge Credit Union, advised the district court that it had limited its loss claim to $499,757 (reduced from an original $520,093) not because that was the amount of loss sustained, but because that was the amount it could trace directly to Kinney, her family, and their associates. The NCUA advised the district court that it believed Kinney's dishonesty to have caused the credit union's insolvency, resulting in a total loss of $2,300,051, of which it had thus far documented $1.3 million through member affidavits and other proof, only $265,000 of which had been covered by CUMIS (the limit of that insurer's bond obligation for employee dishonesty and audit expenses). Thus, the NCUA stated that it thought the amount of funds misappropriated by Kinney to be "a lot higher" than its loss claim "because of the 33 member share accounts that were understated by $1,308,987." App'x 62. In the absence of cooperation from these members, some of whom were relatives or close friends of the defendant who believed she would "take care of everything for them," the NCUA's tracing abilities were limited by the very nature of Kinney's embezzlement scheme. *Id.*

A defendant's restitution obligation is not limited to the amount that she has realized from her crime but, rather, extends to the full loss sustained by victims. *See United States v. Zangari*, 677 F.3d 86, 92 (2d Cir. 2012) (holding that measure of restitution is victim's loss, not defendant's gain); *United States v. Boccagna*, 450 F.3d

4

107, 115 (2d Cir. 2006) (stating that "primary and overarching" purpose of MVRA is "to fully compensate these victims for their losses and to restore these victims to their original state of well-being" (internal quotation marks omitted)).   Thus, it is no matter that the NCUA traced only approximately half a million embezzled dollars directly to Kinney and her associates.   The NCUA investigation into and documentation of some $1.3 million missing from accounts of the insolvent credit union, considered together with the proof of Kinney's extensive embezzlement, provided a sufficient factual basis to support a preponderance finding by the district court that Kinney's criminal conduct had caused a total loss so far in excess of the $499,757 NCUA claim and the $265,000 paid by CUMIS as to preclude any concern of unwarranted duplication in the restitution awards to both these victims.   Accordingly, we identify no abuse of discretion in these awards.

b.   Sufficiency of Chadburn/Fournier Claims

Kinney argues that the affidavits of Chadburn and Fournier were insufficient to raise their loss claims above the speculative.   Indeed, she argues that the district court could not rely upon such hearsay statements absent some minimal indicia of reliability. *See United States v. Martinez*, 413 F.3d 239, 244 (2d Cir. 2005).   The argument fails because the requisite minimal indicia of reliability were provided by the specificity of the statements, the fact that those statements were sworn under penalty of perjury, and, more generally, by the evidence of Kinney's extensive embezzlement throughout the accounts of the Border Lodge Credit Union.   *See United States v. Ibanez*, 924 F.2d 427, 429–30 (2d Cir. 1991) (observing that, where "sufficient indicia of reliability" are required to

5

corroborate information presented at sentencing, affidavits "[may] themselves" be sufficient to resolve disputes); *United States v. Schwamborn*, 542 F. App'x 87, 88 (2d Cir. 2013) (holding that, under *Ibanez*, district court did not plainly err in relying on sworn affidavits alone for determining amount of claimant's restitution).

Although Kinney argues that, insofar as Fournier's and Chadburn's loss claims were turned down by the NCUA, they should not have been believed by the district court, we are obliged to defer on a sufficiency challenge to the district court's contrary conclusion, and we cannot say that it abused its discretion in crediting these sworn accounts consistent with Kinney's overall criminal conduct. In Chadburn's case, the NCUA compensated him for $108,780.27 of his claimed $111,352.76 loss, and Kinney does not offer reason to credit the NCUA's decision not to award the $2,572.49 difference at issue.[2] Nor does Kinney offer reason beyond conjecture to discredit Fournier's sworn affidavit. She does not, in other words, offer reason to conclude that the district court abused its discretion in making a preponderance finding, on the record before it, that the amounts Chadburn and Fournier claimed were more likely than not valid. *See United States v. Ibanez*, 924 F.2d at 430. Accordingly, we grant no relief from this part of the judgment.

---

[2] Documentation in the record indicates that the additional $2,572.49 claimed by Chadburn resulted from a dispute with the NCUA over its calculation of the amount to which he was entitled based on the timing of transfers between accounts. Kinney did not and does not rely upon that documentation, which, in any event, does not unambiguously favor either Chadburn's or the NCUA's calculations.

6

2.    Failure To Conduct Evidentiary Hearing

Kinney argues that the district court's failure to conduct an evidentiary hearing on restitution denied her due process. The law does not support this argument. "[I]n the context of contested issues regarding the propriety of a restitution award, . . . the sentencing procedures employed to resolve such disputes are within the district court's discretion so long as the defendant is given an adequate opportunity to present his position." *United States v. Gushlak*, 728 F.3d at 194 (internal quotation marks omitted).

Here, the district court afforded Kinney that opportunity when it allowed her to submit a memorandum raising any objections to the government's restitution calculations. Her two-page submission argued merely that the evidence established that only $499,757 was attributable to Kinney's malfeasance and that the evidence supporting additional losses was "speculative." App'x 90–91. It stated that "a large sum may also have been lost through [Kinney's] nonfeasance." *Id.* at 91. The district court did not abuse its discretion in concluding that no evidentiary hearing was necessary to pursue those conclusory assertions. The sworn affidavits supporting Chadburn's and Fournier's claimed losses, as discussed, sufficiently supported a preponderance finding of their entitlement to restitution for those losses. The NCUA's report of a total $2.3 million loss, $1.3 million of which was documented as understated accounts, when viewed in light of the half million dollars in documented embezzled funds, convincingly supported a preponderance finding that the overall loss was, more likely than not, caused by Kinney's criminal conduct and not by simple neglect. These findings, in turn,

7

permitted the district court to order restitution in the lesser total amount of $812,329 without an evidentiary hearing.

3.      Conclusion

We have considered Kinney's remaining arguments and conclude that they are without merit.    Accordingly, the January 5, 2016 judgment of the district court is AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, Clerk of Court
</div>