*United States v. Denault-Reynolds*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                19-1017

HILARY DENAULT-REYNOLDS,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | DAVID L. MCCOLGIN, Assistant Federal Public Defender (Barclay T. Johnson, Assistant Federal Public Defender *on the brief*), *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, Vermont |
| For Appellee: | KEVIN J. DOYLE, Assistant United States Attorney, (Gregory L. Waples, Assistant United States Attorney *on the brief*), *for* Christina E. Nolan, United States |

Attorney for the District of Vermont, Burlington, Vermont

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Hilary Denault-Reynolds appeals from an April 2, 2019 judgment of the United States District Court for the District of Vermont (Crawford, *C.J.*) sentencing him to 84 months' imprisonment, 15 years' supervised release, and ordering him to pay $8,200 in restitution, pursuant to his guilty plea to one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1) and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Denault-Reynolds argues that the government failed to present sufficient evidence showing that the individuals pictured in certain images seized from his devices were the two victims to whom the district court ordered restitution paid, pseudonymously known as "Maureen" and "Jenny."[1] At the restitution hearing, the district court found by a preponderance of the evidence that Maureen and Jenny were the victims portrayed in the images and ordered Denault-Reynolds to pay $8,200 in restitution, $2,600 to Maureen and $5,600 to Jenny. In making its determination, the district court specifically relied on the positive identification of these two victims by law enforcement officers who were personally involved in the investigation of the production of the images featuring Maureen and Jenny, as well as digital identification of the

---

[1] Denault-Reynolds' argument that the district court was required to submit the factual questions underlying the restitution order to a jury is controlled by our holding in *United States v. Bengis*, 783 F.3d 407, 413 (2d Cir. 2015), that "judicial factfinding to determine the appropriate amount of restitution under a statute that does not prescribe a [] maximum does not implicate a defendant's Sixth Amendment rights," and as such is rejected.

2

images by the National Center for Missing and Exploited Children ("NCMEC"), using "PhotoDNA" technology.

Restitution payments are mandatory for defendants convicted of child pornography offenses under 18 U.S.C. § 2259. *See Paroline v. United States*, 572 U.S. 434, 439 (2014) (noting that 18 U.S.C. § 2259 "requires district courts to award restitution for certain federal criminal offenses, including child-pornography possession"). District courts are tasked with determining whether a preponderance of evidence supports the restitution award. *See* 18 U.S.C. § 3664(e). We review a district court's restitution award for abuse of discretion and upset its factual findings, as relevant here, only where a finding of fact is "clearly erroneous." *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006) (quoting *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005)). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012). District courts have broad discretion in the sources of information they may consider when ordering restitution, though hearsay evidence must have "some minimal indicia of reliability" in order to comply with the Due Process Clause of the Fourteenth Amendment. *United States v. Martinez,* 413 F.3d 239, 244 (2d Cir. 2005) (quoting *United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000)).

We conclude that the district court's finding that Maureen and Jenny were the victims portrayed in some of the images seized from Denault-Reynolds' devices was supported by a preponderance of evidence possessing the reliability required under the Fourteenth Amendment. Indeed, the district court's determination was amply supported. The materials submitted by the

3

investigating agents alone provided more than sufficient evidence for the district court's conclusion that Maureen and Jenny were the individuals in the seized images.[2]

As to Maureen, the affidavit submitted by Detective Philip A. Byers of the Indiana State Police demonstrated that he was personally familiar with Maureen and the other individuals shown in the images, having met them during their initial and forensic interviews as part of the investigation into their abuse. S.A. at 65. He was able to identify the hair color of the victims in this series, as well as their ages. *Id.* He personally reviewed the sanitized image in question and affirmatively identified the victim as Maureen, while also matching the unusual file name of the image to the images from the investigation regarding Maureen. Given his personal knowledge and investigation of the incident in the pictures and his personal contact with the victim in question, Detective Byers' affidavit identifying Maureen in the sanitized image constituted sufficient evidence for the district court to have concluded by a preponderance of evidence that the victim in the image in question was Maureen.

As to Jenny, Special Agent M. Daniel Ben-Meir of the Department of Homeland Security provided both an email and 2011 affidavit supporting his identification of Jenny in the sanitized image in question. Although the affidavit dates from 2011, it outlines Ben-Meir's basis for his identification of Jenny effectively. In brief, Ben-Meir participated in the 2007 investigation into

---

[2] Given this determination, we need not address the district court's reliance on the NCMEC report, which flagged the relevant images possessed by Denault-Reynolds through use of PhotoDNA, a computer technology that confers a unique hash value on images which can then digitally match them via this hash. *See United States v. Reddick*, 900 F.3d 636, 639 (5th Cir. 2018) (stating, in the Fourth Amendment context, that "hash value comparison allows law enforcement to identify child pornography with almost absolute certainty, since hash values are specific to the makeup of a particular image's data" (internal quotation marks and citation omitted)). Based on an earlier suppression hearing, the district court had a significant record before it regarding the reliability of this technology and nothing in the present record undercuts its conclusion that this evidence supports its factual finding. Given the evidence from the investigating agents, however, which more than amply supports the district court's factual finding, we decline to address this additional supporting evidence in this summary order.

the distribution and production of the series from which the image originated and provided details regarding the content of the series and its production, including specific details regarding the conduct of the individuals in the series that were present in at least one of the videos seized from Denault-Reynolds. Ben-Meir's 2011 affidavit also disclosed personal contact with the victim's mother and his knowledge of Jenny's actual identity as a result of his investigation. S.A. at 68. In his February 2019 email, Ben-Meir recounted that he had reviewed a sanitized image in making his identification which included nearly all of the child's face. S.A. at 67, 69-70. He concluded that the child was, indeed, Jenny. *Id.*

We conclude based on this evidence that the district court did not abuse its discretion in determining that a preponderance of the evidence supported the identifications of Maureen and Jenny as the individuals in the images in question. We further conclude that the affidavits and Ben-Meir's email supplementing his affidavit exhibit the "minimal indicia of reliability" required under the Fourteenth Amendment because they were based on the agents' personal investigations into the incidents depicted in the images, their direct familiarity with these incidents as a result of their investigations, and their personal knowledge of the persons portrayed in the images. *See Martinez*, 413 F.3d at 244; *see also United States v. Ibanez*, 924 F.2d 427, 429–30 (2d Cir. 1991) (noting that affidavits are "in many circumstances . . . themselves sufficient to resolve" a disputed issue of fact at sentencing); *United States v. Kinney*, 684 F. App'x 73, 75–76 (2d Cir. 2017) (summary order) (noting that the "specificity of the statements, [and] the fact that those statements were sworn under penalty of perjury" provided the requisite "minimal indicia of reliability" to permit their consideration at sentencing); *United States v. Schwamborn*, 542 F. App'x 87, 88 (2d Cir. 2013) (summary order) (holding that the district court did not plainly err in relying on sworn affidavits alone to determine the amount of claimant's restitution).

In sum, we discern no error in the district court's factual findings. We have also considered Denault-Reynolds' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk